# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKOS N. PAPPAS,** | : | **CIVIL NO. 1:15-CV-997** |
| Petitioner | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **D. EBBERT, WARDEN,** | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 24th day of August, 2015, upon consideration of petitioner's motion (Doc. 9) pursuant to 28 U.S.C. § 1361[1] and § 1651(a)[2], wherein he seeks a court order directing the Federal Bureau of Prisons to provide him with "access to a typewriter or another form of document preparation for the duration of this litigation," (Doc. 9 at 1), and it being well-settled that "[m]andamus is an extraordinary remedy," see Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976), and a "drastic remedy that 'is seldom issued and [ ] is discouraged,'" In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), and that a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to

---

[1] Title 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2] Title 28 U.S.C. § 1651(a) states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances," Hollingsworth v. Perry, 558 U.S. 183 (2010) (per curiam) (internal citation omitted), and, where there are practical avenues for seeking relief that are untried, a petition for mandamus will ordinarily be denied, see Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996), and the court finding that mandamus relief is not warranted in this case because petitioner has an adequate alternative remedy available, *to wit*, handwriting legal documents, and based on petitioner's filings thus far, it is clear that he has been able to adequately litigate this action by handwriting several motions and briefs, and therefore he is not prejudiced by the filing of handwritten briefs, and the court further nothing that "[p]rison inmates have no constitutional right of access to a typewriter", Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988), it is hereby ORDERED that the motion (Doc. 9) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania